# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID R. WHITMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-576-M |
| | ) | |
| RONALD HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Lawton Correctional Facility appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Defendants Miller, Ford, Bowen, Ellington, Kirkpatrick and Hill have filed an amended motion to dismiss/motion for summary judgment. Plaintiff has not responded to this motion, and the time for him to file a response has lapsed. See Order dated February 11, 2011 [Doc. No. 28] and Local Civil Rule 7.1(g).[1] Thus, the matter is at issue and ready for disposition.

---

[1] It is noted that Plaintiff filed a change of address with the Court on March 16, 2011. [Doc. No. 32]. Plaintiff dated the notice on March 14, 2011, at 11:00 a.m. The certificate of mailing by the Defendants' attorney indicates that both the original motion for summary judgment and the amended motion were mailed to Plaintiff on March 1, 2011. [Doc. No. 31]. Thus, presumably Plaintiff received both the original and the amended motion for summary judgment before he was transferred. Even if he did not, Plaintiff knew that his response to the amended motion for summary judgment was due in late March 2011, as the order dated February 11, 2011, directed the Defendants to file their amended motion for summary judgment by February 28 and advised Plaintiff that his response must be filed within twenty-one days thereafter. [Doc. No. 28].

For the following reasons, it is recommended that Defendants' motion be granted.

At all relevant times, Plaintiff was an Oklahoma inmate housed at the Lawton Correctional Facility. See Special Report, 1. By this action, he seeks damages and fees based on alleged due process violations that occurred during a disciplinary hearing. Complaint, 3-5. Named as Defendants are Ronald Hill, a unit manager at the Lawton Correctional Facility; Mark Bowen, deputy warden of security at the Lawton Correctional Facility; Ralph Ford, a captain at the Lawton Correctional Facility; David Miller, warden at the Lawton Correctional Facility; Brandy Kirkpatrick, a correctional officer at the Lawton Correctional Facility; and John Ellington, a sergeant at the Lawton Correctional Facility. Complaint, 1-2a;[2] Special Report, 1.

Plaintiff alleges in Count One that he was denied due process of law because he was not given a copy of the offense report twenty-four hours prior to the hearing and was not given twenty-four hours to prepare a defense. Complaint, 3. In Count Two, he alleges that the prison staff who reviewed the hearings for due process violated his due process rights when they failed to void the disciplinary conviction despite the due process violations alleged in Count One. Complaint, 3. In Count Three, he alleges that the disciplinary hearing investigator violated his due process rights in failing to make a reasonable attempt at locating inmates Plaintiff wished to call as witnesses and that the disciplinary hearing officer violated his due process rights by not allowing those witnesses to provide statements. Complaint, 4.

---

[2]Page "2a" is an unnumbered page inserted between page two and page three of Plaintiff's complaint.

I. DISCUSSION

Defendants move for dismissal or summary judgment on three grounds: (1) Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997), (2) Plaintiff's claims do not state a constitutional violation, and (3) Plaintiff has not shown the personal participation of Defendants Miller, Bowen, and Ford. Defendants' Amended Motion to Dismiss/Motion for Summary Judgment, 3-8. Because the undersigned determines that summary judgment is appropriate on Defendants' Heck claim, the undersigned has not considered their other claims. Additionally, the undersigned has considered the evidentiary materials submitted by the parties, and thus, treats Defendants' motion as a motion for summary judgment.

A. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at

248.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Celotex, 477 U.S. at 324. The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement Anderson, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

## B. UNDISPUTED FACTS

Based upon the complaint, the Special Report,[3] and the evidentiary material appended thereto, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff was issued a misconduct offense on June 10, 2009, for coercion of staff after he asked a staff member to smuggle a phone and drugs into the prison in exchange for

---

[3]The Special Report has been treated as an affidavit. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (explaining role of Special Report in summary judgment proceedings).

money. Special Report, Ex. 5, Ex. 12, at 5.[4] A disciplinary hearing was conducted on June 30, 2009, and Plaintiff was found guilty of the offense and was sentenced to twenty days in disciplinary segregation, had 120 days of earned credits revoked, and was demoted to level one for sixty days. Special Report, Ex. 7, Ex. 12, at 13. Plaintiff appealed the misconduct conviction through the administrative appeal process, and initially, the conviction was affirmed by a final administrative decision dated November 18, 2009. Special Report, Exs. 8-10, Ex. 12, at 7-12. However, on January 13, 2010, the administrative review authority reversed itself and ordered a rehearing because Plaintiff had not signed the offense report to show that he received it at least twenty-four hours before the disciplinary hearing. Special Report, Ex. 11.

A second disciplinary hearing was held on January 19, 2010, and Plaintiff was again found guilty of coercion of staff. Special Report, Ex. 17. Plaintiff appealed the second misconduct conviction through the administrative appeal process, and it was affirmed by a final administrative decision dated April 12, 2010. Special Report, Exs. 15, 18.

On January 4, 2010, before the administrative review authority reversed itself and ordered a rehearing, Plaintiff sought judicial review of the June 2009 misconduct conviction by filing a petition for judicial review pursuant to Okla. Stat. tit. 57, § 564.1. Special Report, Ex. 12, at 1-4. By order dated January 27, 2010, the state district court denied Plaintiff's petition as moot because the administrative review authority had already ordered a rehearing.

---

[4]Exhibit 12 to the Special Report does not contain page numbers. The undersigned has inferred them.

Special Report, Ex. 13. On appeal, the Oklahoma Court of Criminal Appeals affirmed the state district court's order. Special Report, Ex. 14.

Plaintiff then filed his complaint with the Court on June 1, 2010, and Defendants Miller, Ford, and Hill moved for dismissal/summary judgment on November 8, 2010. Complaint, 1; Defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. No. 20], 1. On December 14, 2010, the undersigned entered a Report and Recommendation recommending that summary judgment be granted to Defendants Miller, Ford, and Hill under Heck and Edwards. Report & Recommendation [Doc. No. 23], 1, 5-8.[5] On December 27, 2010, Plaintiff moved to "stay" the Report and Recommendation so that he could respond to Defendants' motion to dismiss/motion for summary judgment, which he claims he never received. [Doc. No. 24]. On February 7, 2011, Defendants moved to file an amended motion for summary judgment/motion to dismiss to add Defendants Bowen, Ellington, and Kirkpatrick. [Doc. No. 27]. The undersigned entered an order on February 11, 2011, which, among other things, withdrew the Report and Recommendation dated December 14, 2010, granted Defendants leave to amend their motion, directed them to provide Plaintiff a copy of their original and amended motions, and ordered Plaintiff to respond to Defendants' amended motion within twenty-one days of its being filed. Order [Doc. No. 28]. In their certificate of service, Defendants aver that they mailed Plaintiff a copy of their original and amended motions. Defendants' Amended Motion to Dismiss/Motion for Summary

---

[5]In that Report and Recommendation, it was noted that Defendants Bowen, Kirkpatrick and Ellington did not move for summary judgment despite being represented by the same counsel as Defendants Miller, Ford and Hill.

Judgment, 10. As stated above, Plaintiff has not responded to Defendants' amended motion to dismiss/motion for summary judgment.

## C. ANALYSIS

Defendants argue that summary judgment is appropriate because Plaintiff's coercion of staff conviction[6] has not been invalidated. Defendants' Amended Motion to Dismiss/Motion for Summary Judgment, 3-4.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that when a prisoner seeks damages in a suit filed pursuant to 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied Heck to judgments in prison disciplinary proceedings. Specifically, the Court held that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable under § 1983 unless the prisoner can demonstrate the sanction has previously been invalidated. Edwards, 520 U.S. at 648.

---

[6] In his complaint, Plaintiff mentions another offense for which a disciplinary hearing was also held on June 30, 2009, but Plaintiff is not challenging that offense in this action. See Complaint, 2 ("On initial review of the two offenses[,] Deputy Bowen dismissed one[] and aff[ir]m[]ed the other one[,] this one."). Instead, that disciplinary conviction is the subject of another § 1983 action before the Court. See Complaint, Case No. CIV-2010-448-M, United States District Court for the Western District of Oklahoma. Summary judgment was granted to Defendants in that case and it is now on appeal to the Tenth Circuit.

7

Here, Plaintiff is alleging that prison officials violated his due process rights when they failed to present him with an offense report twenty-four hours prior to the disciplinary hearing, failed to allow him twenty-four hours to prepare a proper defense, upheld the deprivation of his due process rights on review, and failed to locate witnesses or allow him to present witness statements at the disciplinary proceedings. Complaint, 3-4. As relief, he seeks compensatory and punitive damages and asks that Defendants be required to pay all court costs and fees. Complaint, 5. Plaintiff's claims clearly challenge the validity of the disciplinary proceeding and the resulting disciplinary sanctions. Thus, a judgment in favor of Plaintiff would necessarily imply the invalidity of the punishment imposed by the disciplinary action. See Edwards, 520 U.S. at 646 ("The principal procedural defect complained of by [the plaintiff prisoner] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits.") While the administrative review authority reversed and remanded the June 2009 disciplinary proceeding, the record shows that the January 2010 disciplinary proceeding has not been reversed, expunged, or declared invalid. See Murphy v. Travis, No. 01-0058, 36 Fed. Appx. 679, 681 (2d Cir. June 10, 2002);[7] Heilman v. T.W. Ponessa & Associates, No. 4:07-CV-1308, 2008 WL 275731, at *7 (M.D. Pa. Jan. 30, 2008) (plaintiff cannot show invalidity of his probation revocation because although it was initially reversed and remanded, he was re-sentenced and sentence on remand has never been invalidated), affirmed No. 08-1667, 2009 WL 82707 (3d Cir. Jan.

---

[7]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

14, 2009); Stein v. County of Westchester, 410 F. Supp. 2d 175, 180 (S.D.N.Y. 2006) (reversal of conviction and remand for new trial does not constitute favorable termination of plaintiff's petition for habeas relief). Accordingly, the undersigned finds that summary judgment is appropriate as to all Defendants.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendants Miller, Ford, Bowen, Ellington, Kirkpatrick, and Hill's amended motion for summary judgment be **GRANTED**. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 16, 2011, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

Dated this 26th day of April, 2011.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE